## HALE vs. THE INHABITANTS OF PORTLAND.

Where a widow had held a parcel of her husband's estate for nearly 30 years, under a deed in fee from one of the heirs ; it was held that in an action by another of the heirs for an undivided portion of the same land, it could not be presumed, against the deed under which she had entered and claimed, that she held as tenant in dower.

THIS was a writ of right on the seisin of *John C. Stickney*, to recover two undivided ninth parts of a lot of land in *Portland*.

In 1796, *Feb.* 19, *Joseph Hooper*, and *Mary* his wife, who was supposed to be the sole heiress of the ancestor, conveyed to *Lucy Stickney*, his widow, the whole of the demanded premises in fee, with general warranty ; in consideration of ten dollars, and of her release to them of her right of dower in his estate. From Mrs. *Stickney* the same lot was conveyed, by several mesne conveyances in fee simple, to the present tenants ; she and her grantees having continued to occupy and claim it under their respective deeds, ever since the conveyance by *Hooper* and his wife to the widow. And their title to the whole lot was supposed to be good, till it was recently discovered that *Hooper* and wife were lawfully seised of only five ninth parts.

The tenants hereupon contended that the widow being entitled to dower in her husband's estate, the conveyance to her ought to be treated as an assignment of dower ; and that after this lapse of time, the jury ought to presume that she entered into the lot as tenant in dower, under a sufficient assignment; and that, as she was still living, and the tenants held all her right, this action could not be maintained. But the Chief Justice, before whom the cause was tried, was of opinion that no such presumption was admissible, against her entry under the deed from *Hooper*, claiming the fee, and her subsequent deed conveying the whole lot in fee simple. And a verdict was returned for the demandant, subject to the opinion of the court.

*Longfellow*, for the tenant, now urged the point taken at the trial, contending that as dower needs not to be assigned by deed, but may be set out *in pais*, by metes and bounds, her separate

occupancy of the lot for so many years undisturbed, ought to be taken as evidence of such an assignment, *ut res magis valeat*. 1 *Phil. Ev.* 129.   5 *Cranch* 262.   14 *Mass.* 88.   *Conant v. Little* 1 *Pick.* 189.   *Jones v. Brewer ib.* 317.

*Fessenden* and *Deblois*, on the other side, were stopped by the court, whose opinion was afterwards delivered by

MELLEN C. J.   We are all satisfied that the instructions given to the jury were correct.   As to that proportion of the estate which was legally conveyed by the deed of *Hooper* and wife to *Lucy Stickney*, she claimed to hold it and did hold it as tenant in fee simple ; so says the deed, and that is not to be contradicted by her.   Not only so, but she afterwards conveyed legally this same proportion in fee with warranty.   As to the proportion not rightfully conveyed to her by the deed of *Hooper* and wife, she claimed and possessed it, under the mistaken idea that she had derived a title to it by that deed.   She never pretended to claim or hold it adversely to the rights of *Hooper* and wife.   But as it has recently been discovered that the whole of the estate, described in the deed of *Hooper* and wife, did not pass, though *Lucy Stickney* and all concerned supposed it did, this explains the reasons and the nature of her possession of the whole ; and at once shews her motives ; and the deed in connection with these circumstances, excludes all presumption that she entered into and claimed the estate as, and in lieu of her dower.   Whether there was a conveyance of her dower to *Hooper*, does not appear, though it is mentioned as part of the consideration of the deed from *Hooper* and wife; but this single circumstance goes far to shew that the deed itself could not have been intended as an assignment to her, of the lands therein described, as and in lieu of her dower, even if no other explanatory facts appeared in the case.   We perceive no defence to the action and accordingly there must be                    *Judgment on the verdict.*